RAGLAND, Plaintiff-Appellant, v. WALLACE, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 3724.   Decided October 4, 1946.

L. P. Henderson, Columbus, for Plaintiff-Appellant.
Hugh S. Jenkins, Attorney General, Richard C. Gerken, Asst. Attorney General, Columbus, for Defendant-Appellee.

## OPINION

By THE COURT:

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio, which affirmed the action of Cylon W. Wallace, Registrar of Bureau of Motor Vehicles for the State of Ohio, in which he revoked the license of plaintiff-appellant.

The judgment was obtained in the Municipal Court of Columbus against the plaintiff-appellant in the amount of $120.00 in favor of Roy Little by reason of damages caused in an automobile collision. The judgment was rendered January 20, 1943. The plaintiff-appellant failing to satisfy the judgment or stay the execution within thirty days after the judgment was rendered as provided by §6298-1, GC, the defendant-appellee on May 8, 1943, revoked the license of plaintiff-appel-

lant to operate a motor vehicle and his certificate of registration. From this order the plaintiff-appellant filed a petition in error in the Common Pleas Court of Franklin County, as provided in §6298-18, GC. The Common Pleas Court affirmed the action of the Registrar in revoking the license. From this judgment an appeal was taken to this Court.

Plaintiff-appellant in his assignments of error claims that the provision in §6298-1, GC, authorizing the Registrar to revoke a license is unconstitutional. This statute is the first section in the Act (Sec. 6298-1 to 6298-26, GC) commonly referred to as the "Financial Responsibility Law." The point made by plaintiff-appellant is that this section of the Act is unconstitutional being in violation of the constitutional guaranty of "due process of law."

This class of legislation falls within the police power of the state under which the Legislature is given an exceedingly broad power. It lies within the power of the Legislature to enact legislation controlling the operation of motor vehicles on the public highways, prescribing who may operate such motor vehicles, and under what conditions such right shall be denied. The Legislature is not restricted in the exercise of this power unless the enactment violates some specific constitutional provision or the provisions of the enactment are found to be an unreasonable exercise of the power.

Plaintiff-appellant was given a remedy under the Act and he pursued it. He had his day in Court. We are of the opinion that §6298-1, GC, and other related sections of the Act, particularly §6298-18, GC, which provides for a review of the order of the Registrar by the Common Pleas Court, are in pari materia and must be construed together. Furthermore, we are of the opinion that the provisions of these sections meet the test of due process of law and are not in violation of the "due process" clause (Amend. XIV, Section 1) in the United States Constitution or the "due course of law" clause (Article I, Section 16) in the State Constitution.

Finding no error in the record the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.